1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| JAMES B. TEAGUE, JR., | CASE NO. 3:19-cv-05727-JRC |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

This matter is before the Court by the parties' consent (*see* Dkt. 2) and on plaintiff's

motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

Dkt. 21.  Defendant opposes the motion and argues that certain fees are unreasonable.  Dkt. 24.

As discussed below, the Court grants in part and denies in part the EAJA fee motion.

The Court finds that although most of the amount requested is reasonable, amounts billed for

routine tasks are excessive in certain respects and amounts representing clerical tasks should not

be compensated.  The Court awards 93.6% of the amount requested, plus an additional amount

for defending the EAJA motion.

ORDER GRANTING MOTION FOR ATTORNEY
FEES UNDER THE EQUAL ACCESS TO JUSTICE
ACT - 1

1

## DISCUSSION

2

### I. EAJA Overview

3

The issue before the Court is whether to reduce the amount of plaintiff's attorney's fee

4

under the EAJA from $5,217.73, the amount requested by plaintiff's attorney.

5

The EAJA provides for an award—

6
7
8
9

> to a prevailing party other than the United States [of] fees and other expenses, in
> addition to any costs awarded pursuant to subsection (a), incurred by that party in
> any civil action (other than cases sounding in tort), including proceedings for
> judicial review of agency action, brought by or against the United States in any
> court having jurisdiction of that action, unless the court finds that the position of
> the United States was substantially justified or that special circumstances make an
> award unjust.

10

28 U.S.C. § 2412(d)(1)(A).  Even if the statutory elements are shown, a district court has

11

discretion to reduce a fee award to a reasonable amount.  *Hensley v. Eckerhart*, 461 U.S. 424,

12

433 (1983).

13

Determining a reasonable fee "requires more inquiry by a district court than finding the

14

'product of reasonable hours times a reasonable rate.'"  *Atkins v. Apfel*, 154 F.3d 986, 988 (9th

15

Cir. 1988) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  The district court must

16

consider "the relationship between the amount of the fee awarded and the results obtained."  *Id.*

17

at 989.  "Counsel for the prevailing party should make a good faith effort to exclude from a fee

18

request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

19

practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S.

20

at 434.

21

Here, the parties do not dispute that plaintiff substantially prevailed and that there are no

22

special circumstances rendering an award unjust.  However, defendant argues that certain

23

amounts are unreasonable, as discussed in greater detail below.

24

## II.  Credit Worthiness and Representation Agreement

Defendant asserts that plaintiff's attorney should not bill for 0.4 hours of paralegal time spent completing the federal debt check and "explaining EAJA."  Dkt. 24, at 3.  Defendant appears to argue that such amounts are not compensable since they were based on activities before entering into a retainer agreement.

The Court finds persuasive authority that pre-retainer fees may be awarded if the activities are otherwise compensable.  *See Attia v. Astrue*, No. 1:06-CV-00778-SMS, 2008 WL 2620376, at *4 (E.D. Cal. July 3, 2008).  Discussing the EAJA with plaintiff appears to be a reasonably billed activity, and defendant offers no authority that determining whether plaintiff's recovery would be subject to satisfying federal debts may not be billed.  The Court declines to strike the amount billed for these activities.

Defendant relatedly asserts that plaintiff's attorney should not bill for 0.8 hours of paralegal time spent preparing and reviewing for completion the retainer agreement.  Dkt. 24, at 3–4.  Here, nearly one hour for preparing a retainer agreement and unspecified documents and reviewing whether the client signed the agreement is, in the Court's view, excessive.  *Accord Attia*, 2008 WL 2620376, at *4.  The Court reduces this amount by half, to 0.4 hours of paralegal time.

## III.  Clerical Tasks

Defendant argues that plaintiff's attorney should not bill for a total of 2.5 hours spent by attorneys and paralegals in "clerical tasks"—preparing the complaint, civil cover sheet, and proposed summons (0.6 hours of attorney time) and preparing service packets, combining and filing proofs of service, and combining and formatting the transcript (1.9 hours of paralegal time).  Dkt. 24, at 4.

1    Although the Court disagrees with defendant that time spent preparing the complaint and

2    summons is non-compensable, the Court agrees that a reduction to 0.2 hours of attorney time is

3    appropriate.  The complaint in a social security matter is typically a template document, and 0.6

4    hours for preparation of the two-page complaint for benefits and summons and civil cover sheet

5    in this matter is excessive.  A 0.4 hour reduction in the attorney fees for this activity is

6    appropriate.

7    As for the paralegal time spent, "purely clerical work or secretarial tasks should not be

8    billed at a paralegal or lawyer's rate, regardless of who performs them." *Missouri v. Jenkins*,

9    491 U.S. 274, 288 n. 10 (1989).  "For example, the time spent to e-file documents is routinely

10   found to be clerical work that is non-compensable under the EAJA." *Garcia v. Colvin*, No. 1:11-

11   CV-01965-SKO, 2013 WL 5347494, at *7 (E.D. Cal. Sept. 23, 2013).  The Court finds that here,

12   time spent filing the proof of service document on CM/ECF and time preparing service packets

13   are such clerical tasks.  *Accord Mallard v. Berryhill*, No. 1:17-CV-01212 - JLT, 2019 WL

14   2389506, at *4 (E.D. Cal. June 6, 2019) ("[C]ourts in the Ninth Circuit have determined drafting

15   and preparing documents related to service of process are clerical tasks and reduced the number

16   of hours awarded as fees accordingly.").

17   However, the Court notes that other courts have allowed for time spent preparing the

18   Administrative Record, and therefore the Court does not deduct the time spent doing so in this

19   matter. *See Sykes v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-16-898, 2017 WL 1956852, at *2

20   (D. Md. May 10, 2017)

21   For these reasons, the Court reduces the time spent preparing the complaint and related

22   documents from 0.6 to 0.2 hours (attorney time) and the time spent preparing service packets,

23

24

1  combining and filing proof of service, and combining and formatting the transcript (paralegal

2  time) from 1.9 to 1.1 hours.

3  **IV.  Routine Matters**

4  Defendant argues that a total of 0.4 hours of attorney time billed for viewing routine

5  matters such as an order granting an *in forma pauperis* application and notices of appearance was

6  excessive.  Dkt. 24, at 5.  Plaintiff's attorney argues that the Ninth Circuit allows for billing in

7  six-minute increments—or here, 0.1 of an hour for each of four routine tasks.  Dkt. 26, at 4–5.

8  Regardless of whether billing in six-minute increments is allowed, the Court agrees that

9  24 minutes for reviewing an IFP application, summonses, and notices of appearance is excessive.

10  The amount billed is reduced to 0.1, total, for all four tasks.

11  **V.  Duplicative Time**

12  Defendants argues that 0.5 hours of attorney time spent on "assign Attorney writer" and

13  8.1 hours by the writer reviewing the Administrative Record and taking notes should be reduced

14  to total of "6.45 hours to reflect this redundant work on a case that contained routine issues."

15  Dkt. 24, at 6.  Plaintiff's attorney argues that these amounts were reasonable, particularly in light

16  of the over 1,000 page record.  Dkt. 26, at 5.

17  Defendant provides another district court order reducing plaintiff's attorney's fees on the

18  basis of improperly billing time for a senior attorney to review documents for the purpose of

19  assigning a brief writer.  *See Mallard v. Berryhill*, No. 1:17-CV-01212 - JLT, 2019 WL

20  2389506, at *3 (E.D. Cal. June 6, 2019).  The Court agrees that the 0.5 hours billed for time

21  spent by Edward Wicklund to determine which brief writer to assign to the matter is redundant

22  here with the time spent by the brief writer reviewing the same documents.

23

24

However, the Court disagrees that an additional reduction of 1.65 hours is appropriate on the basis that the brief writer's time was redundant or that issues were routine. The brief writer spent 16.8 hours reviewing the administrative record, taking notes and organizing facts, writing facts, researching issues, drafting argument, and finalizing the draft opening brief. Dkt. 22-1, at 2. To the extent that the Commissioner argue that the brief writer's time spent reviewing the Administrative Record and taking notes was redundant, this is not apparent from the attorney time declarations.

The Court therefore declines to award 0.5 of attorney time for Edward Wicklund's review of the record to determine which brief writer to assign but otherwise denies defendant's request in this regard.

**VI. Conclusion and Request for Fees Preparing EAJA Motion**

In sum, the Court reduces plaintiff's attorney's requested fee award from $4,700.23 (attorney time of 22.9 hours at $205.25 per hour) plus $517.50 (paralegal time of 6.9[1] hours at $75 per hour) by 1.2 attorney hours and 1.2 paralegal hours. The fee award is therefore reduced to $4,453.93 (attorney time of 21.7 hours) and $427.50 (paralegal time of 5.7 hours). This represents a 93.6% reduction in the total fees requested.

Plaintiff's attorney requests fees for an additional 3.5 hours of attorney time ($718.38) spent on the EAJA motion. Dkt. 26, at 6. Given that plaintiff's attorney has largely prevailed in the request for attorney fees and considering the facts and arguments pertinent to this particular case, the Court will grant fees for the fee litigation. *See Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 162 (1990) (fees for time and expenses incurred in applying for fees are covered in EAJA

---

[1] Plaintiff's attorney's proposed order appears to include a typographical error, as he states that he requests 6.5 hours of paralegal time, despite that the amount he requests represents 6.9 hours at the billing rate cited. *See* Dkt. 21-1, at 1; *see also* Dkt. 22-3.

cases).  However, the Court will award only fees proportionate to the fees successfully defended.

*Accord Kenneth A. v. Berryhill*, No. 3:17-CV-01575-JR, 2019 WL 377613, at *8 (D. Or. Jan. 30, 2019).

Therefore, Court reduces the requested fees for fees to 93% of the amount requested, which is proportionate to the reduction in attorney fees noted above.  To the above-calculated sum of $4,881.43 the Court grants an additional $672.40 for attorney fees defending the EAJA motion.

It is hereby ORDERED that EAJA fees of $5,553.83 and expenses of $16.80 (certified mail costs) shall be awarded to plaintiff pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010).

The Commissioner shall contact the Department of Treasury after the Order for EAJA fees and expenses is entered to determine if the EAJA fees are subject to any offset.  If it is determined that plaintiff's EAJA fees are not subject to any offset allowed pursuant to the Department of the Treasury's Offset Program, then the check for EAJA fees and expenses shall be made payable to Edward A. Wicklund, based on plaintiff's assignment of these amounts to plaintiff's attorney.  *See* Dkt. 22-5.  If there is an offset, the remainder shall be made payable to plaintiff, based on the practice of the Department of the Treasury.  *See*, *e.g.,* Case No. 2:15-cv-122, Dkt. 22, at 4.  Any check for EAJA fees and expenses shall be mailed to plaintiff's counsel, Edward Wicklund, at 250 South Clinton Street, Suite 210, Syracuse, NY 13202

Dated this 10th day of June, 2020.

J. Richard Creatura
United States Magistrate Judge

ORDER GRANTING MOTION FOR ATTORNEY
FEES UNDER THE EQUAL ACCESS TO JUSTICE
ACT - 7